(158 App. Div. 87.)

## VAN DENBERG v. SCOTT.

(Supreme Court, Appellate Division, Third Department. September 10, 1913.)

1. FRAUD (§ 48*)—DAMAGES—PLEADING IN MITIGATION—NOTE AS OFFSET.

In an action of tort for false representations made by defendant in the sale of property, in which the plaintiff claimed damages for the full purchase price paid, including an unpaid note for a portion thereof, the fact that defendant still owned the note and that it was unpaid could be set up in the answer so that it might be considered in assessing the damages.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 43; Dec. Dig. § 48.*]

2. FRAUD (§ 50*)—ACTIONS—PRESUMPTION.

In an action for damages by misrepresentations as to property sold to plaintiff by the defendant, the presumption is that the seller was still the holder of an unpaid note, given for part of the purchase price, which was in his possession at the trial.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 46, 47; Dec. Dig. § 50.*]

3. APPEAL AND ERROR (§ 1151*)—DISPOSITION OF CAUSE—MODIFICATION OF JUDGMENT.

In an action for damages for misrepresentations as to property sold to plaintiff by defendant, it appeared that the seller held the buyer's unpaid note for part of the purchase price. The buyer's damages were assessed on the theory that the whole purchase price had been paid, including the note, which plaintiff refused to allow to be deducted from the judgment. Held, that it was proper, under Code Civ. Proc. § 1317, authorizing the court to modify, as well as to affirm or reverse, judgments, to order a reversal provided plaintiff should not agree to a modification deducting the note from the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. § 1151.*]

Appeal from Trial Term, Schenectady County.

Action by Frank A. Van Denberg against Vedder C. Scott. Judgment for plaintiff (78 Misc. Rep. 281, 138 N. Y. Supp. 149), and defendant appeals. Reversed, and new trial granted, with the proviso that, if plaintiff shall agree to a modification of the judgment, the judgment may be modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

R. J. Cooper, of Schenectady, for appellant.
N. B. Spalding, of Schenectady, for respondent.

LYON, J. This action was brought to recover damages on account of false and fraudulent representations alleged to have been made by defendant to plaintiff in connection with the sale of a coal and ice business and the personal property connected therewith. The purchase price thereof was $5,300, of which the plaintiff paid the defendant $4,000 in cash and the remaining $1,300 by giving to the defendant the promissory note of the plaintiff of date January 18, 1912, indorsed by Ida L. Perry, plaintiff's sister, payable four months after date to the order of the defendant at the Citizens' Trust

Company, Schenectady, N. Y. There was served with the summons March 28, 1912, a notice that the plaintiff rescinded the contract of purchase consummated January 18, 1912, upon the ground of false representations made by the defendant to the plaintiff as an inducement to the plaintiff to enter into the contract. The notice demanded the immediate restoration of the sum of $5,300 and the collateral which secured the same and tendered to the defendant the property so purchased. The plaintiff entered upon the coal and ice business January 22d and carried it on until April 20, 1912, when he practically closed it and disposed of the greater part of the property. The note was duly presented for payment May 20th, and payment demanded, which was refused, whereupon the note was duly protested for nonpayment.

The answer herein was served May 22d and denied the making of false and fraudulent representations, but made no reference to the promissory note, except to claim that, by reason of the plaintiff having tendered a return of the property purchased and having demanded the return of the note and of the money, he had made an election of remedies and could not maintain the action. The answer also denied that the plaintiff had suffered damage in the sum of $5,300. Upon the trial of the action in September, 1912, the defendant produced the note with notice of protest and introduced them in evidence. In the charge the trial justice stated as follows:

"Considerable has been said about the $1,300 note. That note has been given for the balance of the purchase price. Four thousand dollars has been paid. At the time the answer was filed, that $1,300 note was not due, and so the defendant's counsel takes the position that he could not plead it as an offset or counterclaim, and he has not seen fit at the trial to take the position that it should be considered as an offset in any respect in the case. Therefore, in considering the question of damages, gentlemen, you must, on the theory on which the attorney for the defendant has tried the case, look upon it as a payment. It has not been collected; it is outstanding. We haven't any proof as to who is the present owner of it. Presumably it belongs to the man to whom it was given, but other proof is not here. So, as far as you are concerned, you will consider that the entire purchase price has been paid; and if the defendant holds this note judgment goes against him. It is for him to see that the $1,300 is offset against the damages. So that, if you should take the $1,300 out of any damages you saw fit to give the plaintiff, you would put it in position so it would be taken out twice. If you make an award of damages, make it as if that $1,300 had been paid the same as the $4,000 has concededly been paid."

### Later the following appears in the record:

"Defendant's Attorney: I except first to your honor's charge, the substance of which I cannot state exactly, that part of your honor's charge that refers to the $1,300 note, in which you say in substance that it is a part of the plaintiff's damage. The Court: I say that it is to be taken as if it had been paid, on account of the position you have taken in the trial. You may have your exception. Defendant's Attorney: I except to the charge as made in that respect and I request your honor to charge that the plaintiff has not been damaged to the extent of that $1,300 because he has not paid it, and therefore it cannot be considered damages to him until he is compelled to or does pay it. The Court: I refuse to so charge because of the theory upon which it has been tried by the defendant and because the note is outstanding and the court is not informed who is the present owner of it. Defendant's Attorney: It was produced in court by the defendant. The Court: It proba-

bly is the defendant, but that position has not been 'taken by the defendant at all. Defendant's Attorney: I except to the refusal to charge as requested. The Court: If both attorneys agree it can be very well dealt with in this case, but it cannot be, as I think, without an amendment of the answer. So I will leave the charge as it is and give you your exception."

The jury then rendered a verdict in favor of the plaintiff for $1,800, whereupon the following took place:

"The Court: You make that finding under the instructions of the court without regard to the note, whether that is collected or not, do you? The Foreman: We did. , The Court: This is the loss considered as if the note were part of the purchase price? The Foreman: Part of the purchase price. Defendant's Attorney: I move that the verdict be set aside and a new trial directed upon the following grounds, in addition to all the grounds stated in section 999 of the Code: On the grounds that the evidence in the case as to the damages was indefinite and uncertain; that there was no correct measure of damages that the jury could ascertain from the evidence; and the other grounds stated in the section. On the further ground that the $1,300 note held by the defendant, made by the plaintiff and indorsed by one Ida L. Perry, should have been taken into consideration by the jury in fixing the measure of damages. The Court: That could not have been done under the theory under which the defendant tried the case. You notice that the $1,800 is the difference between your witness' estimate of the value of the property and the selling price exactly. They have allowed $3,500. The motion is denied. (Defendant excepts.)"

Upon the argument of this appeal, the defendant, claiming that the note was worthless, produced it and tendered it to the appellee's attorney, asking that it be received in reduction of the judgment. The statement that the note is, uncollectible seemed to be borne out by the fact that it has not been paid, and that the plaintiff is not willing that it should be applied in reduction of the judgment, and in fact the claim of its worthlessness was not strenuously questioned upon the argument. Plaintiff's attorney declined to accept the tender of the note, saying he had no authority from his client to accept it. The court thereupon directed defendant's attorney to file the note with the clerk of this court, which he did; the court telling plaintiff's attorney to consult his client in regard to accepting the note in reduction of the judgment and, if he consented to do so, to so advise the court. The tender of the note has not been accepted by the plaintiff, and the note still remains in the possession of the clerk of the court. The suggestion was made upon the trial that the defendant had not seen fit at the trial to take the position that the note should be considered as an offset in any respect in the case.

[1] As the action was in tort, it is difficult to see how the note could have been pleaded as an offset or counterclaim. However, the answer might have alleged the giving of the note as part of the purchase price; that it had been protested for nonpayment, which occurred two days prior to the service of the answer; that it was un- collectible; and that it was still held by the defendant, and had demanded that it be taken into account in connection with any verdict which might be rendered in favor of the defendant in the action.

[2] Practically these facts did appear, as the presumption was that, the note having originally been given to the defendant and being in his possession upon the trial, he was the holder thereof. The plain-

tiff having failed to comply with the terms of the contract, his right to recovery was restricted to the damages which he had in fact sustained and which the jury found to be $1,800 only in the event of the payment by him of the $1,300 note, or in effect $500 in case the note were treated as not paid.

[3] To allow the plaintiff to avoid the payment of the $1,300 note and to enforce the collection of the verdict for $1,800 in face of the declaration of the jury would be a rank injustice. The case calls for the exercise of the power vested in this court by the provisions of section 1317 of the Code of Civil Procedure.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant, unless plaintiff within ten days from the service upon his attorney of a copy of the order granted by this court shall file a stipulation with the clerk of this court, accepting tender of said note and stipulating that $1,300 be deducted from the face of the judgment appealed from, in which event the judgment as so modified should be affirmed, without costs of this appeal to either party. All concur, except SMITH, P. J., not voting.